ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Plaintiff, Chapter 7 Trustee Sarah Little

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC STEEL CASTING COMPANY, LLC<br><br>Debtor. | Case No. 19-40193 RLE<br><br>Chapter 7 |
| SARAH LITTLE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>NORCAL FORKLIFTS fdba SANTA CLARA LIFTS, DANNY YONKO and STEVE YONKO,<br><br>Defendant. | Adv. Proc. No.<br><br>**COMPLAINT FOR TURNOVER OF PROPERTY** |

COMES NOW, plaintiff Sarah Little, Chapter 7 Trustee of the bankruptcy estate of Pacific Steel Casting Company, LLC ("Plaintiff"), and alleges as follows:

**JURISDICTION**

1. Jurisdiction of this adversary proceeding exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

Complaint -1-

2. This proceeding is a core matter pursuant to 28 U.S.C. §157(b)(2)(A)&(O). Plaintiff consents to the entry of a final order or a judgment by the bankruptcy court irrespective of whether this is a core proceeding.

## PRELIMINARY ALLEGATIONS

3. Pacific Steel Casting Company, LLC (the "Debtor") filed a voluntary Chapter 7 bankruptcy case on January 25, 2019 (the "Bankruptcy Case").

4. Plaintiff is informed and believes and on that basis alleges, Defendant Norcal Forklifts is a partnership operating in San Jose, California at 425 Queens Lane, San Jose, California and formerly did business as Santa Clara Lifts at the ("Norcal").

5. Plaintiff is informed and believes and on that basis alleges, Defendant Danny Yonko ("DYonko") is an owner and partner in Norcal.

6. Plaintiff is informed and believes and on that basis alleges, Defendant Steve Yonko ("SYonko" and sometimes along with Norcal and DYonko collectively referred to as "Defendants") is an owner and partner in Norcal.

7. Plaintiff is the duly, qualified and acting trustee in the Bankruptcy Case.

8. Plaintiff is informed and believes and on that basis alleges, that in mid-2018 Norcal, DYonko and SYonko purchased a used transformer (the "Transformer") at an auction of equipment and property owned by the Debtor.

9. Plaintiff is informed and believes and on that basis alleges, the Transformer contained approximately 3-5 gallons of transformer oil that contained PCB.

10. Plaintiff is informed and believes and on that basis alleges, that Norcal, DYonko and SYonko or some combination of the foregoing, after purchasing the Transformer, entered onto the premises of the Debtor in Berkeley, California, to remove the Transformer and in the process of removing the Transformer caused the spillage of 3-5 gallons of transformer oil containing PCB's onto the concrete floor of the Debtors premises.

11. The Debtor was required to have the transformer oil spill analyzed to determine the levels of PCB's contained in the spill. This was done and it was determined that the levels of PCB's were above allowable levels and the transformer oil spill caused by the Defendants needed

to remediated.

12. The Debtor hired NRC Environmental Services, Inc., ("NRC") to perform the remediation work caused by the transformer oil spill.

13. NRC performed the remediation work and sent three (3) separate invoices to the Debtor for the remediation work. The invoices totaled $33,848.09.

14. The Debtor made demand upon Norcal, DYonko and SYonko to reimburse it for the amounts it paid to NRC to remediate the transformer oil spill caused by Defendants. The Trustee, through counsel has also made demand upon Defendants.

15. To date, Defendants have failed and refused to reimburse either the Debtor or the Trustee for the damages they caused from the transformer oil spill.

### FIRST CLAIM FOR RELIEF
### (Turnover of Property of Estate)

16. Plaintiff incorporates herein by reference and realleges paragraphs 1 through 15 of this Complaint.

17. The sum of $33,848.09 that is owing to the Debtor by defendants is an asset of the bankruptcy estate and is property of the estate that the Trustee is entitled to turnover and recovery of pursuant to 11 U.S.C. §§ 541 and 542.

18. The Trustee has made demand for turnover from the Defendants but they have failed and refused and continue to refuse to turnover the sum of $33, 848.09 to the Trustee.

19. Pursuant to 11 U.S.C. §542 the Trustee is authorized and entitled to turnover of all amounts owing by Defendants to the Debtor, including but not limited to, the sum of $33,848.09.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CLAIM FOR RELIEF
### (Negligence)

20. Plaintiff incorporates herein by reference and realleges paragraphs 1 through above of this Complaint.

21. Defendants, both collectively and individually, owed a duty to the Debtor to exercise reasonable skill and care in the removal of the Transformer so as to not cause any damage to the Debtor's premises.

22. Defendants, both collectively and individually, breached the duty of care that they owed to the Debtor causing the Transformer to leak approximately 3-5 gallons of PCB contaminated oil onto the premises of the Debtor.

23. As a direct, foreseeable and proximate cause of the negligence and breach of the duty of care Defendants owed the Debtor the Debtor has suffered damages in the amount of at least $33, 848.09 and such other amounts according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

**PRAYER**

1. On the First Claim for Relief for turnover of the sum of $33,848.09;

2. On the Second Claim for Relief damages in the amount of no less than $33,848.09;

3. For cost of suit herein; and

4. For such other and further relief as the Court deems proper.

Dated: September 11, 2019          Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Eric A. Nyberg
    (Bar No. 131105)
    Attorneys for Plaintiff Sarah Little, Chapter 7 Trustee