ERIC A. NYBERG, ESQ. (Bar No. 131105)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com

Attorneys for Trustee, Sarah L. Little

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

Pacific Steel Casting Company LLC,

                                    Debtor.

Case No. 19-40193 RLE

Chapter 7

**LIMITED OPPOSITION OF CHAPTER 7 TRUSTEE SARAH L. LITTLE TO MOTION OF KRISHNAN VENKATESAN, JEFFREY STONE, JERRY JOHNSON, BRIAN HOLT, KEVIN DAUGHERTY, AND STEVE WESSELS FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO AUTHORIZE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS UNDER INSURANCE POLICY**

Date: July 22, 2020
Time: 2:00 p.m.
(Via Tele/Video Conference)
Ctrm: 201
      U.S. Bankruptcy Court
      1300 Clay Street
      Oakland, California

**TO: THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES**:

Limited Opposition to Relief from Stay

-1-

Sarah L. Little, Chapter 7 trustee (the "Trustee") for the bankruptcy estate ("Estate" of Pacific Steel Casting Company LLC (the "Debtor"), hereby submits this Limited Opposition ("Limited Opposition") to the Motion of Krishnan Venkatesan, Jeffrey Stone, Jerry Johnson, Brian Hold, Kevin Daugherty, and Steve Wessels (collectively, "Certain Defendants") for Relief from the Automatic Stay, to the Extent Applicable, to Authorize Advancement and Payment of Defense Costs under Insurance Policy [Doc. #48] (the "Motion").

## I. INTRODUCTION

By the Motion, Certain Defendants seek relief from stay, essentially in the form of a comfort order, confirming that the insurer, Continental Casualty Company ("Continental") may pay defense costs under the Continental Epack Extra Insurance Policy No. 596719036 (the "Policy") without violating the automatic stay. Motion, at p. 1. There are clear substantive defects in the instant Motion, which is only heightened by the absence of transparency: First, the Policy does not provide for the payment of defense costs to the counsel of the insureds' choosing but, instead, eliminated the payment of defense costs in deference to a duty to defend whereby the carrier, not the insureds, select coverage counsel;[1] Second, the Policy limits the duty to defend to those fees "reasonable and necessary to the defense of the Claim." *See* Policy, Declaration of Jeffrey Stone [Doc. #48-2], Exhibit 1, at p. 25. Here, it is indisputable that there are both covered (breach of fiduciary duty claims) and uncovered claims (fraudulent transfer and preference claims), just as there are covered (the mangers but solely to the extent they are sued in their capacity as managers of Pacific Steel for breach of fiduciary duty) and uncovered defendants (Speyside Fund, LLC, The Alcast Company, Rataxasco LLC, Speyside Equity, LLC, Kevin Daugherty, as Trustee of the TD 2011 Trust and PD 2011 Trust, and Robert C. Sylvester, collectively, the "Uncovered Defendants"). Certain Defendants seek the payment of their fees but do not disclose, let alone explain, how counsel's time will be apportioned between the reasonable fees incurred on behalf of the Covered Defendants for covered claims and those fees incurred for uncovered claims and Uncovered Defendants. This segregation is critical because save for UHY,

---

[1] By endorsement, the insurer deleted Paragraph A. Defense of Claims in its entirety, including that portion that allowed the insureds to select counsel and, in turn, required the insurer to pay defense costs. Endorsement No. 36 provides only a right and duty to defend by the insurer. See Declaration of Jeffrey Stone, Exhibit 1, at p. 117.

Limited Opposition to Relief from Stay -2-
Case: 19-40193　Doc# 50　Filed: 07/09/20　Entered: 07/09/20 10:43:04　Page 2 of 10

Certain Defendants' counsel represents all other defendants (including the Uncovered Defendants) against all claims, including uncovered claims; Third, to the extent that counsel is appointed pursuant to Section 2860 of the California Code of Civil Procedure, it is only entitled to charge those fees paid by the insurer in this jurisdiction for these types of claims. Yet, there is no disclosure as to the hourly rates to be charged; and Fourth, the bottom line is that the insurance policy is one of the assets the Trustee will look towards to make the Estate whole and, as the representative of the named insured under the policy, the Trustee has the absolute right to information regarding the reduction of limits and the right to challenge those reductions based upon reasonableness.

What makes the Motion most troubling is that, on the one hand, Certain Defendants ask the Court for a comfort order to pay their counsel but, on the other hand, these same Certain Defendants and their counsel made no effort to meet and confer and reach a stipulated result (nor did they even disclose this issue in the initial meeting of counsel), and no doubt Certain Defendants' counsel will submit bills for filing this Motion, which may have been averted through the meet and confer process.

In essence, the order sought by Certain Defendants as proffered—without so much as acknowledging the existence of uncovered claims and Uncovered Defendants, the fees to be charged and the protocol to be employed—provides a windfall to the Certain Defendants for uncovered claims and to all Uncovered Defendants who are represented by the same counsel, while providing Certain Defendants a blank check. This is all to the detriment of the Trustee and the Estate, as Certain Defendants critically admit that this is a wasting policy such that every dollar paid in defense is one less dollar available to satisfy any judgment or pay any settlement. From the Trustee's standpoint, it is essential that there be checks on the payment of defense, as currently the damages are in the tens of millions and the insurance, standing alone, is insufficient to make the Estate whole.

To be clear, the Trustee does not seek to preclude the payment of reasonable defense costs by Continental, as it would typically do in honoring its duty to defend, or to in any way impair the ability of Certain Defendants to defend against covered claims asserted against them by the

Trustee in the adversary proceeding styled *Little v. Speyside Fund, LLC, et al.,* No. 19-04057 (the "Adversary Proceeding"). Rather, by way of this Limited Opposition, the Trustee seeks only to ensure that Continental and Certain Defendants do not erode the policy limits improperly and adhere to Section 2860 to ensure that the Policy is not being inappropriately and prematurely depleted by the payment of fees, either in unreasonable amounts, exorbitant hourly rates, or on uncovered claims or defendants.

Accordingly, the Trustee believes it appropriate that the Court grant the requested comfort order with the following additional disclosure and provisions. Specifically, that:

1. The rates charged be those paid by the insurer in this jurisdiction for these types of claims. Cal. Code Civ. Proc. § 2860. Given Continental's unexplained delegation of the right to assign counsel to Certain Defendants, it is imperative to know—prior to granting the Motion—whether such counsel is charging exorbitant fees for work typically performed by Continental counsel for substantially less;

2. Certain Defendants' counsel be required to segregate between fees incurred in defending Certain Defendants for covered claims in their capacity as managers of the Debtor, and those fees incurred in defending the Certain Defendants for uncovered claims and the Uncovered Defendants.

3. Continental provides the Trustee, on a quarterly basis, a report stating (i) the total amount disbursed under the Policy; (ii) the amount disbursed during the quarter; (iii) the amount of fees and costs submitted during that quarter for which Continental has not yet made disbursement; and (iv) the total amount of coverage remaining under the Policy. Such report should state the current approved hourly rates charged by each engaged defense counsel professional and advise of any change of rate requested or approved by Continental during the subject quarter. This is critical given that Certain Defendant have not even disclosed the rates they are currently paying for counsel (while the Trustee's counsel's compensation was the subject of Court approval).

4. Certain Defendants' counsel shall follow Continental's billing guidelines and restrictions, which Continental would surely impose on panel counsel or counsel chosen by

Continental; and

5. The granting of the comfort order should not in any preclude or constitute a waiver of the right of the Trustee to challenge the propriety of the amount of the fees and costs incurred by defense counsel and billed to Continental and the hourly rates charged by and being paid to defense counsel, whether based upon an alleged violation of California Civil Code Section 2860, principals of equity or other applicable law, which right should be deemed preserved and tolled until such time as the Adversary Proceeding concludes. If the Trustee is successful in the prosecution of her claims against defendants with the right to recover the insurance proceeds, the Trustee should be entitled to audit insurance payments at that time and seek to recoup unreasonable payments (i.e., excessive payments or payments made for work that included non-covered claims and/or non-covered defendants).

6. The Trustee be provided with copies of all notice of claims or circumstances submitted to Continental by the insureds and copies of any reservations of rights letters or other responses from Continental to said notices.

The Policy is a valuable asset of the bankruptcy Estate, the value of which is being eroded by the payment of defense costs at hourly rates the Trustee believes may be excessive for the Oakland market and, further, depleted for uncovered claims or uncovered defendants. The granting of relief on the terms outlined above will confirm the ability of Continental to pay defense costs (albeit contrary to its duty to defend, not pay defense costs, obligation), permit Certain Defendants to continue mounting a defense to the covered claims asserted against them in the Adversary Proceeding, preserve the rights of the Estate in the policy, and permit the Trustee to fulfill her fiduciary duty.

## II.     ARGUMENT AND AUTHORITY

### A.     The Policy Is An Asset of the Estate

By the Motion, Certain Defendants take the position that the Policy and/or its proceeds are not an asset of the Estate, and as such there is no stay in effect.

The Ninth Circuit has held that prepaid D&O insurance policies, which insure a debtor against indemnity claims made by its officers and directors, benefit the debtor and constitute

Limited Opposition to Relief from Stay                -5-
Case: 19-40193   Doc# 50   Filed: 07/09/20   Entered: 07/09/20 10:43:04   Page 5 of 10

property of the Estate, so that cancellation of the policies by insurers two months after debtor filed a Chapter 11 voluntary petition was automatically stayed. *In re Minoco Grp. of Companies, Ltd.*, 799 F.2d 517 (9th Cir. 1986).

The Ninth Circuit BAP looked at the issue of whether the proceeds of a D&O policy belonging to the debtor were an asset of the estate in *In re Mila*, 423 B.R. 537 (9th Cir. BAP 2010). The facts of that case are similar to the instant case. There, the debtor held a D&O policy pursuant to which payment of defense costs eroded the policy limits. The trustee filed an adversary proceeding against an officer of the debtor, who sought payment of defense costs under the policy. The insurer agreed to advance defense costs but only if the officer obtained a comfort order stating that the insurer was not violating the automatic stay by making those payments.

The officer filed a motion for relief from the automatic stay. The bankruptcy court did not decide whether the proceeds were property of the estate but ruled that the officer had shown requisite cause to be granted relief from stay. On appeal, the BAP likewise refused to determine whether the payment of defense costs violated the automatic stay, and instead determined that the bankruptcy court had appropriately "weighed the parties' respective harms and determined that [the defendant] had shown requisite cause for relief under section 362(d)(1)," entitling him to receive payment of defense costs from the insurer. 423 B.R. at 545.

**B.      A Comfort Order is Appropriate on the Terms Proposed by the Trustee**

Although Certain Defendants cite to authorities from other jurisdictions holding that the proceeds of a D&O policy are not property of a chapter 7 estate, the questions of whether policy proceeds are indeed an estate asset, and/or whether the payment of defense costs to a director or officer from a D&O policy held by the estate violates the automatic stay, remain unsettled law in the Ninth Circuit.[2]

However, the Trustee believes that *In re Mila's* guidance that the Court should "weigh the parties' respective harms" and determine whether the directors/officers have shown cause for relief" is instructive. In that regard, it should be noted that the Trustee and her counsel must file

---

[2] *In re Mila*, at 543, citing *Metro. Mortg. & Sec. Co., Inc. v. Cauvel* (*In re Metro. Mortg. & Sec. Co., Inc.*), 325 B.R. 851, 855 (Bankr. E.D. Wash. 2005); *Imperial Corp. of Am. v. Milberg* (*In re Imperial Corp. of Am.*), 144 B.R. 115, 118/19 (Bankr. S.D. Cal. 1992); *In re Daisy Sys. Sec. Litig.*, 132 B.R. 752, 755 (N.D. Cal. 1991).

detailed fee applications for their services in the Adversary Proceeding which provide far more information than the Trustee seeks concerning Certain Defendants' counsel's hourly rates and fees.

The information sought here from Continental, and which could have been agreed to informally had Continental or Certain Defendants' counsel reached out to the Trustee before filing this motion, is exactly the sort of limited information necessary to assist the Court in conducting its own analysis of the parties' respective harms. The Trustee seeks summary information including the hourly rates, hours billed and amount billed by Defense Counsel. To be clear, the Trustee is entitled to this information as the representative of the Named Insured under the Policy. The Trustee has not sought privileged information, nor has she sought in any way to influence or impair the ability of the Covered Defendants to defend against the covered claims asserted in the Adversary Proceeding, as against the managers for those covered claims. However, as a fiduciary, the Trustee is required to investigate the assets of the Estate and seek to marshal such assets as efficiently and effectively as possible.

In requesting the identified information from Continental, the Trustee has been sensitive to the expected concerns of Certain Defendants' counsel. The Trustee does not seek copies of detailed invoices or other information that might reveal case strategies or other privileged information. The information sought could in no way adversely impact Certain Defendants' or their defense of the Adversary Proceeding or reveal any privileged information.

There is an inherent unfairness in Certain Defendants' Motion, which is presented without the above disclosures as to the hourly rates, the allocation between covered and uncovered claims and Covered Defendants and Uncovered Defendants, which unfairness is only heightened by the fact that the Uncovered Defendants are *not* insureds under the Policy and are not being sued for covered claims, and Certain Defendants, exclusive of Jerry Johnson, are not covered under the Policy for acts that they carried out not as members of Pacific Steel but as employees of Alcast and/or Speyside Fund or Speyside Equity (such as the receipt of fraudulent transfers).

Indeed, unmentioned anywhere in the Motion is the existence of any insurance that might cover the Uncovered Defendants. For one, this Court is not advised as to whether Continental has

provided coverage to these other entities and is attempting, by way of this Motion, to foist all of the defense fees onto the Policy and away from other potentially responsive policies and responsible parties. It is this lack of transparency that should give this Court pause as to the propriety of this Motion, as Certain Defendants provide no rationale as to why the various entities not covered by the Policy should reap the benefit of a free defense to the detriment of the Estate and should not be required to put forth their own monies in defense of the Adversary Proceeding.

### III. CONCLUSION

The Trustee submits that the granting of relief on the terms outlined herein will confirm the ability of Continental to pay defense costs (notwithstanding the duty to defend language in the Policy) for covered claims and covered defendants, permit Certain Defendants to continue mounting a defense to the claims asserted against them in the Adversary Proceeding, preserve the rights of the Estate in the Policy, and permit the Trustee to fulfill her fiduciary duty to monitor and protect Estate assets (which information the Trustee is otherwise entitled to as the representative of the Named Insured under the Policy). The Trustee and her counsel, both General Counsel and Special Counsel, are willing to meet and confer regarding a stipulation resolving the motion in a manner that protects the rights of all parties.

Dated: July 9, 2020                             Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.


By: /s/ Eric A. Nyberg
    Attorneys for Trustee, Sarah L. Little

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On July 9, 2020, I served the following documents:

**LIMITED OPPOSITION OF CHAPTER 7 TRUSTEE SARAH L. LITTLE TO MOTION OF KRISHNAN VENKATESAN, JEFFREY STONE, JERRY JOHNSON, BRIAN HOLT, KEVIN DAUGHERTY, AND STEVE WESSELS FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO AUTHORIZE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS UNDER INSURANCE POLICY**

*Via-Electronic Service*
Office of the U.S. Trustee/Oak
Phillip J. Burton Federal Building
450 Golden Gate Ave.
5th Floor, #05-0153
San Francisco, CA 94102

*Via-ECF*
Tracy Green
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
P.O. Box 2047
Oakland, CA 94607

*Via-Electronic Service*
Todd C. Toral
Jenner & Block LLP
633 West 5th Street Suite 3600
Los Angeles, CA 90071-2054

*Via-Electronic Service*
Mark D. Poniatowski
Poniatowski Leding Parikh PC
20980 Redwood Rd. #200
Castro Valley, CA 94546-5505

*Via-Electronic Service*
Michael Lauter
Ori Katz
Sheppard Mullin Richter and Hampton
4 Embarcadero Center 17th Fl.
San Francisco, CA 94111

*Via-Electronic Service*
Tracy L. Mainguy
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway, #200
Alameda, CA 94501

Limited Opposition to Relief from Stay -9-

Case: 19-40193   Doc# 50   Filed: 07/09/20   Entered: 07/09/20 10:43:04   Page 9 of 10

| | |
|---|---|
| *Via-Electronic Service*<br>William H.T. Rice<br>Pension Benefit Guaranty Corporation<br>U.S. Government Agency<br>1200 K St., N.W.<br>Washington, DC 20005 | *Via-Electronic Service*<br>Eric A. Handler<br>DONAHUE FITZGERALD LLP<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612 |
| *Via-Email (rspillers@gslaw.org)*<br>Ryan Spillers<br>Gilbert & Sackman a Law Corporation<br>3699 Wilshire Blvd., #1200<br>Los Angeles, CA 90010 | *Via-Electronic Service*<br>Louisa A. Soulard<br>Pension Benefit Guaranty Corporation<br>1200 K Street, N.W.<br>Washington, DC 20005 |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of July, 2020 at Danville, California.

/s/ Gail A. Michael