ERIC A. NYBERG, ESQ. (Bar No. 131105)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com

Attorneys for Trustee, Sarah L. Little

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PACIFIC STEEL CASTING COMPANY LLC,<br><br>Debtor. | Case No.19-40193 RLE<br><br>Chapter 7<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE SALE OF DOMAIN NAME**<br><br>Date: April 7, 2021<br>Time: 2:00 p.m.<br><br>**TO BE HELD TELEPHONICALLY, OR VIA VIDEO, WHERE APPROVED AND APPLICABLE** |

Sarah L. Little, as Trustee of the bankruptcy estate of Pacific Steel Casting Company, LLC (the "Trustee"), by and through her counsel Kornfield, Nyberg, Bendes, Kuhner & Little, P.C. moves this Court for entry of an order approving the sale of the domain name www.pacificsteel.com (the "Domain Name") to Pacific Steel & Recycling ("Purchaser").

### I. SUMMARY OF SALE

Proposed Purchaser: Pacific Steel & Recycling

Property To Be Sold: Domain name www.pacificsteel.com

Sales Price: $4,500.00

Motion and MPA ISO Motion to Approve Sale of Domain Name -1-

## II. JURISDICTION AND VENUE

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is 11 U.S.C. § 363.

This motion (the "Motion") is made pursuant to 11 U.S.C. § 363(b) and (f) and Federal Rule of Bankruptcy Procedure 2002 and 6004 and Bankruptcy Local Rule 6004-1. The Motion is based upon the Memorandum of Points and Authorities below, Declaration of Sarah Little in Support of Motion to Approve Sale of Domain Name (the "Little Declaration"), the Notice of Motion to Approve Sale of Domain Name, filed concurrently herewith, and will also be based upon such other evidence and argument as may be presented prior to or at the hearing on the Motion.

## III. FACTUAL BACKGROUND

Pacific Steel Casting Company, LLC (the "Debtor") filed a voluntary Chapter 7 bankruptcy petition on January 25, 2019, Case No. 19-40193 (the "Bankruptcy Case") which is currently pending in the United States Bankruptcy Court for the Northern District of California.

Among the assets in the Bankruptcy Case is the Domain Name.

The Trustee has received and accepted an offer from the Purchaser to purchase the Domain Name. The Trustee and the Purchaser have entered into a Domain Name Purchase and Transfer Agreement, a copy of which is attached as Exhibit "A" to the Little Declaration. The Purchaser is buying the Domain Name for the sum of $4,500. The purchase price will be paid in cash. There are no commissions associated with the transaction.

The Trustee has not received any other offers or expressions of interest related to the Domain Name. The Trustee did reach out to four (4) parties who might have some interest in the Domain Name. None of the four expressed any interest in purchasing the Domain Name. The Trustee believes that the purchase price to be paid by the Purchaser is a fair and reasonable price for the Domain Name.

## IV. LEGAL ARGUMENT

The sale should be approved as fair, reasonable and in the best interest of creditors and the bankruptcy estate. §363(b) of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure authorize a debtor to sell assets of the estate other than in ordinary course of business after notice and a hearing. See, e.g., *In re Quintex Entertainment, Inc.*, et al, 950 F. 2d 1142, 1495 (9th Cir. 1991). Generally, there must be some articulated business justification before the Court may order such a disposition under § 363(b). *In re Lionel Corp.*, 722 F. 2d 1063, 1070 (2nd Cir. 1983). With respect to a proposed asset sale, "[a]ll sales not in the ordinary course of business may be by private sale or public auction." F.R.B.P. 6004(f)(1). In assessing the prudence of a § 363 sale, courts have examined (i) whether the proposed transaction has a valid business justification or good business reason, (ii) whether the sale is the result of good faith negotiations and (iii) whether the proposed purchase price is fair and reasonable. See, e.g. *240 North Brand Partners, Ltd. v. Colony GFP Partners, L.P.*, (*In re 240 North Brand Partners, Ltd.*), 200 B.R. 653, 659 (9th Cir. BAP 1996); *In re Abbotts Gary's*, 788 F. 2d 143, 146, 149-150 (3rd Cir. 1986); *Travelers Ins. Co. v. Plaza Family Partnership* (*In re Plaza Family Partnership*), 95 B.R. 166 (Bankr. E.D. Cal. 1989).

Courts have long recognized that where a sale by a debtor is made in good faith and upon a reasonable basis "[t]he court will not entertain an objection to a trustee's or debtor-in-possession's conduct of the estate." *In re Curlew Valley Assocs.*, 14 B.R. 506, 513-514 (Bankr. D. Utah 1981). See also *In re Southern Biotech, Inc.*, 37 B.R. 318, 322-323 (Bankr. M. D. Fla. 1983). This is because it is "the trustee [debtor-in-possession], not the court, [that] is selling [the] property." *In re Gulf States Steel, Inc.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

In this case, the Trustee has not received any other offers or expression of interest related to the Domain name. The Purchaser and the Trustee negotiated the transaction at arm's length. As set forth in the Little Declaration, the Trustee estimates that the sale will result in net proceeds of approximately $4,500.00.

### A. There Is A Valid Business Justification In Good Business Reason To Support The Sale.

The Ninth Circuit Bankruptcy Appellate Panel in *Walters v. Sunwest Bank* (*In re Walters*), 3 B.R. 14, 15-16 (9th Cir. BAP 1988), applied a flexible case-by-case test to determine whether a sound business purpose justifies a proposed sale under § 363(b). Adopting the reasoning of the Fifth Circuit *Institutional Creditors of Continental Airlines, Inc. v. Continental Airlines, Inc.* (*In re Continental Airlines, Inc.*), 780 F. 2d 1223, 1226 (5th Cir. 1986) and the Second Circuit in *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983), the panel noted that whether a proper justification is sufficient will depend on the specifics of the case. The Court should consider all salient factors pertaining to the case and act to further the diverse interests of the debtor and creditors alike. *Id*.

In this case, there is value in the Domain name, albeit a low value. Thus, there is a valid business judgment for the sale of the Domain Name.

### B. Waiver of Federal Rule of Bankruptcy Procedure 6004(h).

As part of the sale, the Trustee requests that the stay imposed by F.R.B.P. 6004(h) upon orders authorizing the use, sale or lease of property be waived under the circumstances of this case. The Trustee and the Purchaser want to close as soon as possible and believe that it would be appropriate for the Court to waive the stay imposed by F.R.B.P. 6004(h).

### V. CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court grant the Motion and authorize the Trustee to sell the Domain Name to the Purchaser for the sum of $4,500.00 and waive the provisions of FRBP 6004.

Dated: March  2 , 2020            Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Eric A. Nyberg
Eric A. Nyberg, Esq. (Bar No. 131105)
Attorneys for Trustee, Sarah L. Little